UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: THOMAS TAYLOR PEARCE, | : | CHAPTER 13 |
| AKA THOMAS T. PEARCE and | : | |
| JENNIFER MARIE PEARCE, FKA | : | |
| JENIFER MARIE MILLER, FKA | : | |
| JENIFER MARIE EMKEY, AKA | : | |
| JENIFER M. PEARCE, AKA | : | |
| JENIFER M. MILLER PEARCE, | : | |
| Debtors | : | |
| | : | |
| JACK N. ZAHAROPOULOS, | : | |
| STANDING CHAPTER 13 TRUSTEE, | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| THOMAS TAYLOR PEARCE, | : | |
| AKA THOMAS T. PEARCE and | : | |
| JENNIFER MARIE PEARCE, FKA | : | |
| JENIFER MARIE MILLER, FKA | : | |
| JENIFER MARIE EMKEY, AKA | : | |
| JENIFER M. PEARCE, AKA | : | |
| JENIFER M. MILLER PEARCE, | : | |
| Respondents | : | CASE NO.   1-24-bk-02059-HWV |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 24th day of February, 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtors' Plan for the following reasons:

1. The Trustee avers that the Debtors' Plan is not feasible based upon the following:

   a. The Plan is ambiguous as to the term and base amount. More specifically, it appears that the Plan payment should end in 12/2028 and not 12/2026. Further, it is unclear what "pay plan in full" means. Is this 100% payment of unsecured claims?

2. The Debtors' Plan violates 11 U.S.C. §1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the Debtors have access to non-exempt equity in the following:

a. Residential real estate. The Trustee requests proof of the value of the Debtors' home as stated in their schedules. More specifically, the Trustee requests a copy of the listing agreement.

WHEREFORE, the Trustee alleges and avers that the Debtors' Plan cannot be confirmed, and therefore, the Trustee prays that this Honorable Court will:

a. deny confirmation of the Debtors' Plan;
b. dismiss or convert the Debtors' case; and
c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder, Esquire
Attorney for Trustee

CERTIFICATE OF SERVICE

        AND NOW, this 24th day of February, 2025, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Gary J. Imblum, Esquire
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111

                                              /s/ Derek M. Strouphauer, Paralegal
                                              Office of Jack N. Zaharopoulos
                                              Standing Chapter 13 Trustee