IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| **THOMAS TAYLOR PEARCE** | : | CASE NO. 1:24-bk-02059-HWV |
| aka Thomas T. Pearce | : | |
| **JENIFER MARIE PEARCE** | : | CHAPTER 13 |
| fka Jenifer Marie Miller, fka Jenifer | : | |
| Marie Emkey, aka Jenifer M. Miller | : | |
| Pearce, aka Jenifer M. Pearce | : | |
| Debtors | : | |
| | : | |
| **MIDFIRST BANK** | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| **THOMAS TAYLOR PEARCE** | : | |
| aka Thomas T. Pearce | : | |
| **JENIFER MARIE PEARCE** | : | |
| fka Jenifer Marie Miller, fka Jenifer | : | |
| Marie Emkey, aka Jenifer M. Miller | : | |
| Pearce, aka Jenifer M. Pearce | : | |
| Respondents | : | |

**DEBTORS' RESPONSE TO MOTION OF MIDFIRST BANK
FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, come Debtors, Thomas Taylor Pearce and Jenifer Marie Pearce, by and through their attorney, Gary J. Imblum, and respectfully respond as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part and denied in part. Strict proof is demanded that Movant is the holder of the mortgage.

5. Admitted.

6. Admitted in part and denied in part. It is admitted that no post-petition payments have been made. As stated below, Debtors are only required to pay $1,000.00 per month. Debtors offer to cure the arrearage through an Amended Plan.

7. Admitted in part and denied in part. See response to paragraph 6.

8. Denied. The fair market value at the time of the filing of the bankruptcy was $429,000.00 as established by the market analysis attached to Debtors' Schedules. Movant holds the first mortgage. The amount owed on the first mortgage at the time of the filing of the bankruptcy, according to Claim No. 7, is $316,625.88. The only liens of higher priority are minor municipal liens. Accordingly, there is an ample equity cushion providing adequate protection to Movant.

The property has been listed for sale since April 9, 2025. The employment of the realtor was approved by Order of the Court dated April 25, 2025.

Further, Debtors' Second Amended Plan was confirmed on April 17, 2025. This Plan provides for monthly payments to Movant in the amount of $1,000.00 per month and for sale of the real estate within one (1) year of confirmation. In accordance with *In re Szostek* 886 F.2d 1405 (3rd Cir. 1989), the confirmed plan has res judicata effect as all issues decided or which could have been decided at the hearing on the confirmation. Accordingly, it has been established that Debtors need only make payments of $1,000.00 per month to the Movant until the sale of the real estate.

9. Admitted.

10. Admitted.

11. Admitted.

**WHEREFORE**, Debtors respectfully request that this Honorable Court issue an Order denying the Motion for Relief From Stay.

Respectfully submitted,

Gary J. Imblum
Attorney I.D. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtors

DATED: 6/9/25

# CERTIFICATION OF SERVICE

I, Carol V. Shay, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTORS' RESPONSE TO MOTION OF MIDFIRST BANK FOR RELIEF FROM THE AUTOMATIC STAY upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

JACK N. ZAHAROPOULOS, ESQUIRE
CHAPTER 13 TRUSTEE
VIA E-SERVICE

DENISE CARLON, ESQUIRE
KML LAW GROUP, P.C.
COUNSEL FOR MOVANT
VIA E-SERVICE

                                IMBLUM LAW OFFICE, P.C.

                                *Carol V. Shay*
                                Carol V. Shay, Paralegal
                                4615 Derry Street
                                Harrisburg, PA 17111
                                (717) 238-5250
                                Fax No. (717) 558-8990
                                gary.imblum@imblumlaw.com
                                For Debtors

DATED: 6/9/2025